UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10539- RGS

CURTIS MITCHELL

v.

TIMOTHY HALL

<u>MEMORANDUM AND ORDER
ON MAGISTRATE-JUDGE'S
REPORT AND RECOMMENDATION</u>

November 30, 2004

STEARNS, D.J.

After review of the petitioner's objections to the Report and Recommendation, I am in agreement with the conclusions of the Magistrate-Judge. There may be a better way to balance a defendant's right to effective representation at trial and his counsel's ethical duties to the court than the one struck by Rule 3.3(e) of the Massachusetts Rules of Professional Conduct. But neither the Rule nor its application in this case by the Massachusetts courts could be said to be contrary to, or to represent an objectively unreasonable application of, Supreme Court precedent. The Magistrate-Judge correctly identified (as did the Supreme Judicial Court) the case of <u>Nix v. Whiteside</u>, 475 U.S. 157 (1986), as the only precedent in point. As the Magistrate-Judge observed, in <u>Nix</u> the Supreme Court found no denial of the Sixth Amendment right to the effective assistance of counsel where the attorney (unlike here) refused to permit his client to give perjurious testimony at trial.[1] (Petitioner did testify as to his version of events, albeit in narrative

---

[1] Petitioner has offered no objections to the Magistrate-Judge's analysis of the sidebar issue (to the extent that it was properly raised or intended to be raised by the

fashion).[2]  Consequently, the Magistrate-Judge's Recommendation is <u>ADOPTED</u> and the petition is <u>DISMISSED</u> for failure to state a claim meriting relief.

                                        SO ORDERED.

                                        /s/ Richard G. Stearns

                                        _____
                                        UNITED STATES DISTRICT JUDGE

---

petition).

    [2]As a practical matter, I am not as convinced as petitioner that the jury would have seen anything amiss in his being permitted to testify in narrative fashion.  Any compromise cure, if one was needed, would as the Supreme Judicial Court observed be worse than the disease.  <u>Commonwealth v. Mitchell</u>, 438 Mass. 535, 549-550 (2003).